# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MYRON HUBBARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:15CV722 RLW |
| ) | |
| MISSOURI DEPARTMENT OF ) | |
| MENTAL HEALTH, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss (ECF No. 14). Also pending are two Motions for Summary Judgment (ECF Nos. 16, 26) and a Motion to Add Citation of Support and to Strike (ECF No. 33) filed by the Plaintiff. Upon review of the motions and related memoranda, the Court will grant Defendants' Motion to Dismiss and deny Plaintiff's motions as moot.

## Background

On November 29, 2011, Plaintiff filed a Complaint against St. Louis Psychiatric Rehabilitation Center ("SLPRC") for alleged violations of the Family Medical Leave Act, 29 U.S.C. § 2601, *et seq.*, ("FMLA"). (Compl., Case No. 4:11CV2082 JAR, ECF No. 1) Plaintiff amended his Complaint to include the State of Missouri and Missouri Department of Mental Health ("DMH") and to add to his FMLA claims allegations of gender and race discrimination, employment discrimination, wrongful discharge, and hostile work environment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, *et seq.*, the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the U.S. Constitution, and the Civil Rights Act of 1991. (Am. Compl. ¶ 4, Case No. 4:11CV2082 JAR, ECF. No. 46) On April

2, 2013, United States District Judge John A. Ross dismissed Plaintiff's Amended Complaint with prejudice. (Mem. and Order of 4/2/13, Case No. 4:11CV2082 JAR, ECF Nos. 58, 59) Plaintiff then filed a motion to reconsider, and on August 12, 2013, Judge Ross again granted Defendants' motion to dismiss and dismissed Plaintiff's Amended Complaint with prejudice. (Mem. and Order of 8/12/13, Case No. 4:11CV2012 JAR, ECF Nos. 78, 79) The Eighth Circuit Court of Appeals affirmed Judge Ross' order dismissing Plaintiff's amended *pro se* complaint. *Hubbard v. St. Louis Psychiatric Rehab. Ctr.*, 556 Fed. App'x 547 (8th Cir. 2014).

On May 6, 2015, Plaintiff filed a Complaint against Defendant DHM. (Compl., ECF No. 1) He filed an Amended Complaint against DHM, SLPRC, and Metropolitan St. Louis Psychiatric Center ("MSLPC") on May 13, 2015. (Am. Compl., ECF No. 3) In the Amended Complaint, Plaintiff alleges that Defendants wrongfully denied FMLA benefits in violation of Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, *et seq.*, prohibiting discrimination by recipients of federal financial assistance. (Am. Compl. ¶ 1, ECF No. 3) Plaintiff specifically claims that the Defendants discriminated against him based on his race, African-American, and discriminatorily denied him FMLA leave while Defendants were receiving federal funds. (*Id.*) Defendants filed a Motion to Dismiss on July 13, 2015, arguing that Plaintiff's Amended Complaint is barred by the doctrine of res judicata. Further, Defendants assert that Plaintiff has failed to state a claim under Title VI. (Mot. to Dismiss, ECF No. 14) In addition to filing a response in opposition to Defendant's Motion to Dismiss, Plaintiff has filed a Motion for Relief from Judgment under Fed. R. Civ. P. 60 and a Motion for Summary Judgment (ECF No. 16); a second Motion for Summary Judgment (ECF No. 26); and a Motion to Add Citation of Support to Summary Judgment and Motion to Strike (ECF No. 33).

## Legal Standards

A complaint must be dismissed under Federal Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.* at 555. Courts must liberally construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. *See Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (stating that in a motion to dismiss, courts accept as true all factual allegations in the complaint); *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008) (explaining that courts should liberally construe the complaint in the light most favorable to the plaintiff). However, "[w]here the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008) (citation omitted).

To dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), "'the complaint must be successfully challenged on its face or on the factual truthfulness of its averments.'" *Swiish v. Nixon*, No. 4:14-CV-2089 CAS, 2015 WL 867650, at *2 (E.D. Mo. Feb. 27, 2015) (quoting *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993)). "The standard for a motion to dismiss under Rule 12(b)(6) applies equally to a motion to dismiss for lack of subject matter jurisdiction which asserts a facial challenge under Rule 12(b)(1)." *Id.*

## Discussion

Defendants first argue that res judicata bars the relitigation of Plaintiff's claim. Plaintiff asserts that res judicata does not apply because Defendants are equitably estopped from benefitting from their wrongdoing; Defendants fraudulently concealed the fact that they

3

received federal funds, thus preventing Plaintiff from making a Title VI claim in the previous litigation; and the judgment was procured through fraud under Federal Rule of Civil Procedure 60. The Court liberally construes Plaintiff's *pro se* pleadings. *Jackson v. Nixon*, 747 F.3d 537, 544 (8th Cir. 2014).

"Under claim preclusion, also called res judicata, 'a final judgment on the merits of an action precludes the parties . . . from relitigating issues that were or could have been raised in that action.'" *Knutson v. City of Fargo*, 600 F.3d 992, 996 (8th Cir. 2010) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). To establish res judicata, "a party must show: '(1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the same parties (or those in privity with them); and (4) both suits are based upon the same claims or causes of action.'" *Magee v. Hamline Univ.*, 775 F.3d 1057, 1059 (8th Cir. 2015) (quoting *Yankton Sioux Tribe v. U.S. Dep't of Health & Human Servs.*, 533 F.3d 634, 639 (8th Cir. 2008)). In determining whether a second lawsuit is precluded, courts look to "'whether the claims arise out of the same nucleus of operative facts as the prior claim.'" *Id.* (quoting *Costner v. URS Consultants, Inc.*, 153 F.3d 667, 673 (8th Cir. 1998)). Where the claims arise from the same set of facts, "[t]he legal theories of the two claims are relatively insignificant because 'a litigant cannot attempt to relitigate the same claim under a different legal theory of recovery.'" *United States v. Gurley*, 43 F.3d 1188, 1195 (8th Cir. 1994) (quoting *Poe v. John Deere Co.*, 695 F.2d 1103, 1105 (8th Cir. 1982)). Further, even where the second suit names a new party, res judicata still applies where "a defendant stands in privity with a defendant in the prior suit." *Daley v. Marriott Int'l, Inc.*, 415 F.3d 889, 896-97 (8th Cir. 2005).

Plaintiff does not dispute that jurisdiction in the previous action was proper and that the first suit before Judge Ross resulted in a final judgment on the merits. Similarly, he acknowledges that both suits are similar. In addition, Plaintiff asserts in his Amended Complaint that MSLPC, along with SLPRC, are facilities of the DMH. (Am. Compl. P. 1, ECF No. 3) Therefore, MSLPC and the Defendants in the first suit "are in privity because they have 'a close relationship, bordering on near identity.'" *Daley*, 415 F.3d at 897 (quoting *Gurley*, 43 F.3d at 1197) Further, Plaintiff's Amended Complaint pertains to alleged discrimination while he was employed at the SLPRC, as he alleged in the first suit. (*Compare* Pl.'s Am. Compl. ¶¶ 4-17, ECF No. 3 with Pl.'s Am. Compl. ¶¶ 16-17, 38-47, Case No. 4:11CV2082 JAR, ECF No. 45) The Court thus finds as an initial matter that because Plaintiff's Title VI complaint involves the same parties or their privies, and his claim arises from the same nucleus of operative facts as the first case, Plaintiff's claim is barred by the doctrine of res judicata.

However, Plaintiff argues that exceptions to the res judicata doctrine exist such that this Court should not bar Plaintiff's cause of action. Specifically, Plaintiff argues that Defendants fraudulently withheld the fact that they received federal funding, thus preventing Plaintiff from raising a Title VI claim in the previous suit. Additionally, he claims that the Title VI claim did not exist at the time of the previous case. The record belies Plaintiff's assertion.

First, Plaintiff is unable to demonstrate that Defendants fraudulently concealed the fact that it received federal funding. "As a general rule, newly discovered evidence does not preclude the application of res judicata unless the evidence was either fraudulently concealed or could not have been discovered with due diligence." *Saabirah El v. City of New York*, 300 Fed. App'x 103, 104 (2nd Cir. 2008) (citation omitted). Conclusory allegations of fraud are

5

insufficient to demonstrate fraudulent concealment. *Id.* Here, Plaintiff fails to point to any evidence showing that the Defendants fraudulently withheld their federal funding status. *Id.* (finding plaintiff's allegations to be wholly conclusory and noting that discovery had not taken place when refusing to find fraudulent concealment of evidence to overcome res judicata). Indeed, no discovery had taken place prior to dismissal of Plaintiff's first cause of action. Further, Plaintiff concedes that he discovered this fact on his own and while the former case was still pending. Thus, Plaintiff is unable to show fraudulent concealment on the part of Defendants, and his Title VI claim could have been, and eventually was, discovered with due diligence.

In addition, Plaintiff contends that this Court should estop Defendants from using res judicata in this instance because Defendants unfairly took advantage of Plaintiff through false language and induced Plaintiff to not bring a Title VI claim in the previous action. Assuming that equitable estoppel is applicable in this context, a plaintiff "must show that [he] has changed [his] position to [his] detriment in reasonable reliance on another's misleading representation." *Walker v. Trinity Marine Prods., Inc.*, 721 F.3d 542, 545 (8th Cir. 2013) (citation omitted). Here, Plaintiff does not allege that the Defendants made any representations upon which Plaintiff detrimentally relied, and the Court finds that Plaintiff has failed to establish equitable estoppel.

Plaintiff also argues that this Court should apply Fed. R. Civ. P. 60 and overturn the judgment in the previous litigation.[1] Under certain circumstances, Rule 60 provides relief from

---

[1] Plaintiff cites to Rule 60(b) as grounds for relief. However, that provision applies only to relief from the final judgment by the issuing court. This Court did not issue the judgment from which Plaintiff seeks relief, and therefore, the grounds cited by Plaintiff are not applicable. *See, e.g., Greater St. Louis Const. Laborer's Welfare Fund v. Tricamo Contracting Co., Inc.*, No. 4:08CV1479 JCH, 2011 WL 572457 (E.D. Mo. Feb. 15, 2011) (denying defendant's Rule 60(b)

a judgment, despite the principles of res judicata. *Hamilton v. PAS, Inc.*, No. , 2015 WL 2120539, at *2 (E.D. Ark. Apr. 27, 2015). "Rule 60(d)(3) permits an independent action to set aside a previous judgment due to fraud on the court when the previous case involved egregious misconduct representing a corruption of the judicial process, such as bribery of a judge or jury or fabrication of evidence by counsel." *Id.* (citations omitted). "[R]elief is only available where it would be manifestly unconscionable to allow the judgment to stand." *Superior Seafoods, Inc. v. Tyson Foods, Inc.*, 620 F.3d 873, 878 (8th Cir. 2010) (citation and internal quotation omitted). Thus, relief through an independent action in equity that alleges fraud on the court is an extraordinary form of relief. *Id.*

In the instant case, Plaintiff has not demonstrated that he is entitled to such extraordinary relief from the judgment issued by Judge Ross. "[F]raud on the court is distinct from mere fraud upon a party." *Id.* Plaintiff has pointed to no evidence of fraud on the court. In the previous case, the court allowed Plaintiff to amend his complaint four times over an 18-month period. *Hubbard v. St. Louis Psychiatric Rehab. Ctr.*, 556 Fed. App'x 547 (8th Cir. 2014); *Hubbard v. St. Louis Psychiatric Rehab. Ctr.*, No. 4:11-CV-2082-JAR, 2013 WL 4052908 (E.D. Mo. Aug. 12, 2013). Judge Ross noted that the Court "allowed Plaintiff numerous opportunities to plead his claim, and he has file four complaints against Defendants, each in response to their motion to dismiss." *Hubbard*, 2013 WL 4052908, at *3. With each amended complaint, Defendants filed a motion to dismiss responding to the new complaint. Defendants did not conceal information regarding its funding status from the court, as such status was not at issue. Thus, for the foregoing reasons, the Court finds that Plaintiff is unable

---

motion to vacate the court's prior order because defendant failed to show that special circumstances justified vacating the order).

7

to overcome the application of res judicata to the present case, and his Amended Complaint will be dismissed on that basis.

Out of an abundance of caution, however, the Court notes that Plaintiff is unable to state a claim under Title VI, which provides that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under activity received Federal financial assistance." 42 U.S.C. § 2000d. Defendants argue that Plaintiff's claim should be dismissed because he has not alleged, nor can he allege, that the federal funds received by Defendants were designed to provide employment.

"To establish a prima facie case under Title VI, a plaintiff must demonstrate that [his] race, color, or national origin was the motive for the alleged discriminatory conduct." *Nelson v. Special Admin. Bd. of St. Louis Public Schs.*, 873 F. Supp. 2d 1104, 1115 (E.D. Mo. 2012) (citation omitted). While individuals may file a suit under Title VI for intentional discrimination, "the statute provides that a plaintiff may allege a Title VI claim in the employment context only where the statutory grant of funds or the federally assisted program at issue is specifically intended to provide employment." *Id.* (citation omitted). Plaintiff's Amended Complaint is void of any indication that the Missouri Department of Mental Health or the two Defendant facilities are designed with a primary objective of providing employment. *Id.* Further, the Court finds that discovery would not reveal that DMH's purpose is anything other than the provision of mental health services. *Id.* Indeed, DMH provides programs for drug and alcohol abuse; mental illness; and developmental disabilities. *See* DMH Programs, *available at* http://dmh.mo.gov/programs.html; *see also Baugh v. Ozarks Area Cmty. Action Corp.*, No. 09-03177-CV-S-DGK, 2010 WL 1253718, at *4 (W.D. Mo. Mar. 31, 2010) (noting

that defendant's primary objective did not appear to be providing employment where the website described seven programs, including family planning and housing). In addition, while DMH does provide "employment services" in its programs, these services are to enhance "community employment options for persons with developmental disabilities." *See* Youth Transition and Employment Services, *available at* http://dmh.mo.gov/dd/progs/employment.html. Plaintiff does not fall within this category. The Court therefore finds that Plaintiff has failed to state a claim for relief under Title VI and his Amended Complaint should be dismissed on that basis.[2]

On a final note, the Court has thoroughly reviewed Plaintiff's two motions for summary judgment, and the motion to add citations and to strike. In those documents, Plaintiff presents the same facts and arguments as those contained in the previous cause of action. These pleadings further buttress the Court's finding that res judicata applies to this suit. Further, because the Court has determined that dismissal is warranted in this case, the granting of Defendants' Motion to Dismiss renders moot Plaintiff's motion for summary judgment. *Adem v. Jefferson Mem'l Hosp. Ass'n*, No. 4:11-CV-2102-JAR, 2012 WL 5493856 (E.D. Mo. Nov. 13, 2012).

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (ECF No. 14) is **GRANTED.**

---

[2] Defendants also contend that SLPRC and MSLPC are not entities subject to suit and that Plaintiff's Title VI claim is barred by the statute of limitations. Because the Court finds that Plaintiff's Amended Complaint is barred by the doctrine of res judicata and otherwise fails to state a claim, the Court need not address Defendants' other grounds for dismissal. *See Marez v. Saint-Gobain Containers, Inc.*, No. 4:09CV999 MLM, 2009WL 5220160, at *6 (E.D. Mo. Dec. 31, 2009).

9

**IT IS FURTHER ORDERED** that Plaintiff's Motions for Summary Judgment (ECF Nos. 16, 26) and Motion to Add Citation of Support and to Strike (ECF No. 33) are **DENIED** as **MOOT.**

A separate order of dismissal will accompany this Memorandum and Order.

Dated this 12th day of February, 2016.

                                                        *Ronnie L. White*
                                                        **RONNIE L. WHITE**
                                                        **UNITED STATES DISTRICT JUDGE**